IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADRIAN ARMSTRONG<br>Plaintiff<br>vs<br>THE UNITED STATES OF AMERICA, by and through ERIC HOLDER, Attorney General, in his official capacity<br>Defendant | CIVIL 12-1605CCC |

**OPINION AND ORDER**

On February 2, 2012 Adrian Armstrong ("plaintiff") filed an Amended Complaint against the United States of America, " by and through Eric Holder" ("defendant") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) alleging false arrest, false imprisonment, malicious prosecution, abuse of process, negligence, and intentional infliction of emotional distress (docket entry 6).[1] Before the Court is the United States' Fed. R. Cv. P. 12(b)(6) Motion to Dismiss filed on April 22, 2013 (**docket entry 29**) and the Opposition submitted on May 30, 2013 (docket entry 35).[2]

**A.    Pleading Standards**

Fed. R. Cv. P. 12(b)(1) allows a defendant to raise the defense that a court lacks subject matter jurisdiction to entertain a claim. Federal Courts are not at liberty to overlook limitations on their subject matter jurisdiction. Francis v. Goodman, 81 F.3d 5, 8 (1996).

---

[1] On September 28, 2011, plaintiff Adrian Armstrong filed a Complaint against the United States of America, by and through Eric Holder pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) (docket entry 1).

[2] In the body of the Amended Complaint, plaintiff alleges that Eric Holder, Attorney General of the United States of America, is sued in his official capacity. However, the courts have consistently held that, because of the explicit language of the FTCA, neither the government agency nor employees cannot be sued under that statute. See Sánchez Piniero v. Department of Housing and Urban Development, 592 F.Supp. 2d 233, 236 (D.P.R. 2008); Barros -Villahermosa v. U.S., 2008 WL 4443825, *3 (D.P.R. 2008). **Accordingly, Eric Holder is dismissed as a named defendant**.

CIVIL 12-1605CCC                                                   2

Thus, if the court determines that as a threshold matter subject matter jurisdiction does not exist, it must dismiss the case and not make any determination on the merits of the same. Menéndez v. United States, 67 F.Supp. 2d 42, 45 (D.P.R. 1999).  Plaintiff bears the ultimate burden of proving that subject matter exists.  Aversa v. United States, 99 F.3d 1200, 1209 (1996).

Under Rule12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted." Benítez-Navarro v. González-Aponte, 660 F.Supp. 2d 185, 188 (D.P.R. 2009). "In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief'." Martínez-Díaz v. Doe, 683 F.Supp. 2d 171, 173 (D.P.R. 2010).  When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor." Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008).  Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible'." Quirós v. Muñoz, 670 F.Supp. 2d 130, 131 (D.P.R. 2009). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level'."  Maldonado-Concepción v. Puerto Rico, 683 F.Supp. 2d 174, 175-76 (D.P.R. 2010).

In Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court upheld Twombly and declared two guiding principles assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949.

CIVIL 12-1605CCC								3

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., at 1949. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id., at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not 'show[n]'- 'that the pleader is entitled to relief'." Id. "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation'." Martínez-Díaz v. Doe, 683 F.Supp. 2d at 174 (quoting Ashcroft v. Iqbal, 129 S.Ct. at 1950-51). At the pleading stage a plaintiff must allege "sufficient facts to 'provide fair notice to defendant and state a facially plausible legal claim.'" García Catalán v. United States of America, 734 F.3d 100 (2013), quoting from Ocasio Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**B.	Factual Allegations**

1.	On May 25, 2004 a Criminal Complaint, supported by a Sworn Affidavit, was filed in the United States District Court for the District of Puerto Rico charging plaintiff Adrian Armstrong for his involvement in illegal drug distribution activity, a violation of 21 U.S.C. §§ 1957 and 2. (CR. No. 04-250). That same day, a warrant for plaintiff's arrest was issued by the United States District Court for the District of Puerto Rico.

2.	On June 19, 2004, based on the Criminal Complaint and related Arrest Warrant, plaintiff was arrested in Montego Bay, Jamaica.

3.	On June 23, 2004 a grand jury, sitting in the United States District Court for the District of Puerto Rico, returned an indictment charging him with illegal drug distribution

CIVIL 12-1605CCC                                             4

activity, a violation of 21 U.S.C §§ 952(a) and 963, along with related money laundering activity, a violation of 18 U.S.C. §§ 1957 and 2.

4.    During the summer of 2006, plaintiff was extradited to the United States of America, directly to the District of Puerto Rico.  On August 10, 2006, plaintiff made his initial appearance before a U.S. Magistrate Judge in the District of Puerto Rico.  On August 15, 2006, plaintiff was arraigned and ordered to be detained pending resolution of the proceedings.

5.    On May 17, 2007, plaintiff filed a Motion to Dismiss or to Suppress Evidence where he sought the suppression of certain audio recordings allegedly containing conversations that took place between himself and a cooperating individual asserting that the audio recordings had been tampered with by the cooperating individual or by the government.

6.    Following two hearings, the U.S. Magistrate issued a Report and Recommendation recommending suppression of a recorded conversation ("N-17") because it "contains several anomalies which make it unreliable." (Cr. No. 04-250, docket entry 257 p. 13).  The Report and Recommendation also recommended the denial of the Motion to Dismiss the Indictment.

7.    On May 7, 2009, the District Court entered an Order adopting the U.S. Magistrate's Report which stated: "Specifically, tape recording N-17 shall be suppressed.  However, Defendant's request for dismissal of the indictment is denied." (Cr. No. 04-250, docket entry 288 p. 15).

8.    In or about September, 2009, plaintiff pled guilty to a misdemeanor violation.

9.    Pursuant to Rule 48(a), Federal Rules of Criminal Procedure, the United States Attorney for the District of Puerto Rico filed a Motion to Dismiss the Indictment against plaintiff.  On September 23, 2009, the District Court granted the Government's motion and the criminal proceedings against plaintiff in Criminal Case No. 04-205 were dismissed.

CIVIL 12-1605CCC                                    5

10.   On May 29, 2010, plaintiff presented an administrative claim to the U.S. Department of Justice for wrongful prosecution, wrongful arrest and wrongful imprisonment, which asserted:

> Mr. Armstrong was wrongfully indicted, arrested and prosecuted in the United States District Court of Puerto Rico.  There was no probable cause to indict him and there was no evidence to support any criminal conduct either. Therefore, his arrest and imprisonment was unlawful and his prosecution was malicious.  That prosecution is identified under U.S. District Court of Puerto Rico Case No. 04-250(JAG) and the indictment occurred on June 23, 2004 and the tortious conduct continued up to and including September 22, 2009.

11.   In his administrative claim, plaintiff included a sum certain ($10,000,000.00) as damages.

**C.   Analysis**

Defendant raises the following grounds in support of its motion to dismiss:  (1) lack of subject-matter jurisdiction for failure to exhaust administrative remedies; and (2) failure to state a claim upon which relief can be granted.

**1.   Lack of subject matter jurisdiction for failure to exhaust administrative remedies**.

Defendant contends that pursuant to the two year statute of limitations provided for a plaintiff to sue under FTCA 28 U.S.C. § 1346(b)(1), plaintiff's claims of false arrest, false imprisonment and abuse of process were untimely and forever barred.

Plaintiff filed his Complaint and Amended Complaint pursuant to the FTCA, 28 U.S.C. § 1346(b)(1) on September 28, 2011 and February 2, 2012, respectively. The United States has consented, in the FTCA, to be sued for damages for personal injury caused by the negligent or wrongful act or omission of a federal employee while acting within the scope of his employment, if under the same circumstances a private employer would be liable for the acts of his employee under local law. Díaz-Romero v. Mukasey, 514 F.3d. 115, 119 (1st Cir. 2008).  The United States waives its sovereign immunity under the FTCA which provides the <u>exclusive</u> remedy to compensate for a federal employee's tortious acts

CIVIL 12-1605CCC                                                6

committed within the scope of his employment. Román v. Townsend, 224 F.3d. 24, 27 (1st Cir. 2000).

> Title 28 U.S.C. § 2675(a) provides as follows:
>
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third-party complaint, cross-claim, or counterclaim.
>
> In addition, 28 U.S.C. § 2401(b) provides:
>
> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

A plaintiff who sues under the FTCA must first present his or her claim to the appropriate federal agency within two years after such claim accrues. This prerequisite must be met as to each claim the FTCA claimant wishes to assert. Dalyrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006). In United States v. Kubrick, 100 S.Ct. 352, 357 (1979) (quoting Railroad Telegraphers v. Railway Express Agency, 64 S.Ct. 582, 586 (1944)), the Court expressed that statutes of limitations are "statutes of repose" which "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" Section 2401(b) is described as "the balance struck by Congress in the context of tort claims against the government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." Id. The timely filing of an administrative claim under 28 U.S.C. § 2401(b) has been repeatedly held to be a jurisdictional requirement. It is

CIVIL 12-1605CCC                                          7

mandatory to file the written claim before the appropriate federal agency within two (2) years after the tort claim against the United States accrues. The administrative claim comes before the filing of a lawsuit in federal court. See Román-Cancel v. United States, 613 F.3d 37, 41-42 (1st Cir. 2010) ("the temporal parameters of the FTCA are strictly construed in favor of the sovereign;" "compliance with FTCA's temporal deadlines is both mandatory and jurisdictional"); Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003) ("it is well settled in this circuit that the timely filing of an administrative claim pursuant to section 2401 is a jurisdictional prerequisite to filing suit under the FTCA"); González v. United States, 284 F.3d 281, 288 (1st Cir. 2002) ("it is well settled that an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim . . . this statutory requirement is a jurisdictional prerequisite to suit that cannot be waived"); Attallah v. United States, 955 F.2d 776, 779 (1st Cir. 1992); González-Bernard v. United States, 907 F.2d 246, 248 (1st Cir. 1990).

The burden is on a plaintiff to prove his compliance with the statutory requirements of presentment of his claim to the agency within two (2) years after it accrued. United States v. $10,000.00 in U.S. Funds, 863 F.Supp. 812 (S.D. Ill. 1994). Proof of mailing of the claim is not enough to comply with the jurisdictional requirement. Plaintiff must present proof of actual timely receipt of his written claim to the federal agency in order to comply with the presentment requirement of 28 U.S.C. § 2401(b). Lotrionte v. United States, 560 F.Supp. 41, 42-43 (S.D.N.Y. 1983) (affirmed 742 F.2d 1436); see also Steele v. United States, 390 F.Supp. 1109, 1111-1112 (S.D. Cal. 1975), citing United States v. Lombardo, 241 U.S. 73 (1916) (the presentment of the claim "is, at a minimum, the equivalent of filing").

Plaintiff has not shown, except for the malicious prosecution claim, that he filed a timely written administrative complaint before the U.S. Department of Justice in compliance with section 2401(b). The essence of both false arrest and false imprisonment claims is detention *without legal process*. This was expressly stated by the Supreme Court in Wallace

CIVIL 12-1605CCC                                           8

v. Kato, 127 S.Ct. 1091, 1095 (2007):  "False arrest and false imprisonment overlap; the former is a species of the latter . . . [w]e shall thus refer to the two torts as false imprisonment."  Since both false arrest and false imprisonment consist of detention without legal process, they end once the person "becomes held *pursuant to such process*, when for example, he is bound over by a magistrate or arraigned on charge. . . . Thereafter; unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process. . . . 'If there is a false arrest claim, damages for the claim cover the time of detention up until issuance of process or arraignment, but not more.  From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.'... Thus, petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected.  It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date..." Id., at 1096.

It can be discerned from the record that:  (1) based on a sworn criminal complaint a warrant for Mr. Armstrong's arrest was issued by this Court May 25, 2004; (2) Mr. Armstrong was arrested in Jamaica on June 19, 2004; (3) a grand jury returned an indictment charging him with illegal drug distribution and money laundering on June 23, 2004; (4) in the summer of 2006 he was extradited from Jamaica to Puerto Rico; (5) on August 10, 2006, Mr. Armstrong made his initial appearance before a U.S. Magistrate Judge in the District of Puerto Rico; (6) on August 15, 2006, he was arraigned and ordered to be detained pending resolution of the criminal proceedings; and (7) it was not until March 29, 2010 that he presented an administrative claim to the U.S. Department of Justice claiming malicious prosecution, false arrest, and false imprisonment.  The two year statute of limitations for filing his false arrest and false imprisonment claims began to run at least as far back as

CIVIL 12-1605CCC                                      9

August 10, **2006** when he appeared before the magistrate yet he did not file his administrative claims until March 29, **2010**. Plaintiff did not present his claims of false arrest and false imprisonment to the Department of Justice within the two years after they accrued. Therefore, he failed to comply with 28 U.S.C § 2401(b). Consequently, plaintiff's FTCA claims of false arrest and false imprisonment against the United States are forever barred, as mandated by the statute, and must be Dismissed.

With respect to the FTCA claims of abuse of process, negligence and intentional infliction of emotional distress,[3] a careful review of the record indicates that plaintiff never presented these claims to the agency, as required by 28 U.S.C. § 2675(a). Since he failed to exhaust his administrative remedies as to said claims, a tort claim against the United States based on these allegations is forever barred. Consequently, plaintiff's abuse of process, negligence and intentional infliction of emotional distress claims against the United States are dismissed.

**2.    Failure to state a malicious prosecution claim**.

The Court will now examine plaintiff's arguments and defendant's contentions as to the malicious prosecution claim which is the only standing claim pursuant to the FTCA.

As to the malicious prosecution claim, plaintiff alleges that: (1) the defendant's indictment against him constituted the commencement of a criminal proceeding; (2) because he was deliberately framed by agents of the government, who tampered and fabricated evidence, although there was no probable cause to indict, arrest, imprison or prosecute him; (3) the United States through its duly authorized agent, <u>AUSA Henwood</u>, via a grand jury, wrongfully indicted him; (4) defendants knew, or should have known, that the wiretap tapes were deliberately tampered with and made, and thus, that his indictment was based upon evidence that was doctored; (5) the United States had an obligation to conduct a minimal

---

[3]Plaintiff's request for leave of court to amend his complaint to properly plead this count filed in his Response in Opposition to Motion to Dismiss (**docket entry 35**) is DENIED as MOOT.

CIVIL 12-1605CCC					10

investigation to ensure it was indicting, arresting and prosecuting the suspect with legitimate evidence and this obligation continued after he was in custody; (6) there was a bona fide termination of the criminal case in favor of him by virtue of the United States' dismissal of the indictment on September 28, 2009; and (7) he suffered damages as a result of this malicious prosecution, as described in paragraphs 17-22.  Defendant moves to dismiss plaintiff's claim of malicious prosecution because: (1) plaintiff is unable to demonstrate the prosecution was pursued with malice; and (2) there was probable cause.

"To succeed on a claim for malicious prosecution in Puerto Rico, the claimant must prove four elements: "(1) that a criminal action was initiated or instigated by the defendants; (2) that the criminal action terminated in favor of plaintiff; (3) that defendants acted with malice and without probable cause; and . . . (4) that plaintiff suffered damages. . . Failure to prove any element is dispositive." Barros v. Villahermosa, 642 F.3d 56, 58 (1st Cir. 2011). As to the absence of probable cause, generally, a grand jury indictment definitively establishes probable cause.  However, courts have recognized an exception if law enforcement defendants wrongfully obtained the indictment by knowingly presenting false evidence  to the grand jury.  Such allegations are sufficient, at the pleading stage to rebut the presumption of probable cause established by the grand jury indictment. González Rucci v, U.S., 405 F.3d 45, 49 (1st Circuit).

Plaintiff alleges that the defendant obtained the indictment by presenting "tampered and made evidence" (allegation 37 of the complaint) and "evidence that was doctored" (allegation 39 of the complaint).  He has pleaded a viable claim for malicious prosecution. Defendant's contentions that plaintiff is unable to demonstrate the prosecution was pursued with malice and there was probable cause, are not valid grounds to move to dismiss his malicious prosecution claim at the pleading stage.  Accordingly, defendant's request for dismissal as to the malicious prosecution claim is denied.

CIVIL 12-1605CCC                                   11

      For the reasons stated above, defendant United States of America's Motion to Dismiss (**docket entry 29**) is GRANTED as to the false arrest, false imprisonment, abuse of process, and intentional infliction of emotional distress; and DENIED as to the malicious prosecution claim.  Accordingly, Partial Judgment will be entered on this same date.

      SO ORDERED.

      At San Juan, Puerto Rico, on March 31, 2014.

                                                  S/CARMEN CONSUELO CEREZO
                                                  United States District Judge